# IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN TRUCKING ASSOCIATIONS, INC. | Case No. 10-56465 |
| Plaintiff-Appellant, | |
| v. | |
| THE CITY OF LOS ANGELES, THE HARBOR DEPARTMENT OF THE CITY OF LOS ANGELES, THE BOARD OF HARBOR COMMISSIONERS OF THE CITY OF LOS ANGELES, | **UNOPPOSED MOTION FOR EXPEDITED BRIEFING SCHEDULE UNDER CIRCUIT RULE 27-1** |
| Defendants-Appellees, | |
| NATURAL RESOURCES DEFENSE COUNCIL, INC., SIERRA CLUB; COALITION FOR CLEAN AIR, INC., | |
| Defendant-intervenors – Appellees. | |

Christopher C. McNatt Jr.
cmcnatt@scopelitis.com
SCOPELITIS, GARVIN, LIGHT,
HANSON & FEARY, LLP
2 North Lake Avenue, Suite 460
Pasadena, California 91101
Tel: (626) 795-4700
Fax: (626) 795-4790

W. Stephen Cannon
scannon@constantinecannon.com
Seth D. Greenstein
sgreenstein@constantinecannon.com
Stephen S. Anderson
tanderson@constantinecannon.com
CONSTANTINE CANNON LLP
1301 K Street, NW., Suite 1050 E
Washington, DC  20005
Tel: (202) 204-3500
Fax: (202) 204-3501

Robert Digges, Jr.
rdigges@trucking.org
Chief Counsel, ATA Litigation Center
AMERICAN TRUCKING
ASSOCIATIONS, INC.
950 North Glebe Road
Arlington, VA 22203
Tel: (703) 838-1889
Fax: (703) 838-1705

Counsel for Plaintiff-Appellant,
AMERICAN TRUCKING ASSOCIATIONS, INC.

Appellant American Trucking Associations, Inc. ("ATA") hereby moves for an expedited briefing schedule advancing the presently set schedule by two months. ATA's request is supported by the appellees, The City of Los Angeles, The Harbor Department of The City of Los Angeles, and The Board of Harbor Commissioners of The City of Los Angeles Port of Los Angeles (collectively "POLA") and the intervenor-appellees, Natural Resources Defense Council, Inc., Sierra Club, and Coalition for Clean Air, Inc. (collectively "NRDC").[1]

This is the third time this matter has been before this Court. The two prior appeals were from orders following ATA's request for a preliminary injunction against implementation of the Concession Agreements of POLA and POLB which were part of a comprehensive program that would bar from entry to the Ports any of the then approximately 1,300 motor carriers (which in turn subcontract with some 17,000 independent truck owner-operators) at that time serving the ports unless the motor carrier executed the ports' respective Concession Agreements. Among the requirements placed on motor carriers subject to the POLA Concession Agreement are:

a. A phased-in prohibition against the use of independent owner-operators in the transportation of containers to and from the Port, thereby establishing over time a mandate for the use of only employee-drivers.

b. A requirement for an off-street parking plan for all motor carrier fleets operating at the Port;

c. Utilization of POLA-mandated placards on each truck; and

---

[1] The City of Long Beach, The Harbor Department of The City of Long Beach, and The Board of Harbor Commissioners of The City of Long Beach (collectively "POLB") are not parties to this appeal, as a resolution of ATA's claims against POLB was reached during the course of the underlying litigation.

- 1 -

d. Submission of documentation to confirm the motor carrier meets POLA's standards of financial capability to perform its concession agreement obligations.

Following the second appeal, resolution was reached between POLB and ATA. The litigation between POLA and ATA continued through trial. Ultimately, the District Court found in favor of POLA and dissolved the preliminary injunction, thus permitting POLA to move forward with implementation of its Concession Agreement. ATA promptly appealed from the adverse judgment. ATA also sought and obtained a stay of enforcement of a portion of the judgment (specifically, the issue identified in point (a) above), thus again obtaining an injunction against POLA's enforcement of the employee mandate in its Concession Agreement.

It is the position of ATA that the POLA Concession Agreement compels motor carriers to fundamentally change the business structures under which they have, in some cases for decades, provided service to customers shipping cargo through the Port of Los Angeles, and thereby affects motor carrier prices, routes, and services in a manner that is federally preempted under the Federal Aviation Administration Authorization Act of 1994 (the "FAAA Act"), 49 U.S.C. § 14501(c), in violation of the Supremacy Clause of the United States Constitution.

POLA and NRDC contend, as found by the District Court, that the Concession Agreement is an act of a proprietor that falls within the market participant doctrine, and therefore not subject to federal preemption. POLA thus seeks affirmance of the District Court's judgment (which would also dissolve the injunction pending appeal) allowing POLA to proceed with its entire Concession Program. POLA and NRDC contend that without full implementation of the

Concession Agreement POLA's business goals cannot be achieved or sustained over the long term.

It is in the interest of all parties and the public to have a prompt resolution of the issues raised in this appeal. Motor carriers face implementation of many of the elements of the Concession Agreement in the coming months that will be administratively burdensome, financially costly, and will be, in Appellant's view, in derogation of their federal rights. Moreover, those carriers will remain under a cloud as to possible imposition of the employee mandate creating uncertainty which will adversely affect their businesses. On the other hand, POLA will be prohibited from enforcing its employee requirement during the appeal process, which, under its view, will adversely affect certain program objectives and long term sustainability of its entire program. Consequently, both parties seek an expedited resolution of this appeal so as to mitigate the harm to the ultimately prevailing party.

Therefore, it is their joint request that the Court expedite the briefing schedule by two months, so as to allow oral argument as soon as practicable. Per a scheduling order issued on September 16, 2010, the Court has established the current briefing schedule to permit the filing of the opening brief not later than February 28, 2011, the answering briefs by March 30, 2011, and the reply brief within fourteen days of the Appellees' answering briefs. Expedition is warranted so that a necessary level of certainty can be reached on the terms under which motor carriers can serve their customers when draying containers to and from the Port of Los Angeles.

The requested expedited schedule would permit the filing of the opening brief not later than December 28, 2010, the answering briefs by January 31, 2011, and the reply brief within fourteen days of the Appellees' answering briefs.

## **CONCLUSION**

Wherefore, ATA respectfully requests this Honorable Court to GRANT its motion and expedite the briefing and hearing schedule by two months.

                                    Respectfully submitted,

Dated: November 2, 2010        SCOPELITIS, GARVIN, LIGHT,
                                            HANSON & FEARY, LLP

                                            By:   s/ *Christopher C. McNatt, Jr.*
                                                     Christopher C. McNatt, Jr.
                                                     Attorneys for Plaintiff-Appellant
                                                     American Trucking Associations, Inc.

## CERTIFICATE OF SERVICE

I, hereby certify that on November 2, 2010 I electronically filed the forgoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. Upon their written consent I have e-mailed the forgoing to the following non-CM/ECF participants (some listed persons may also be CM/ECF participants):

FOR DEFENDANTS-APPELLEES THE CITY OF LOS ANGELES, THE HARBOR DEPARTMENT OF THE CITY OF LOS ANGELES, and THE BOARD OF HARBOR COMMISSIONERS OF THE CITY OF LOS ANGELES

Steven S. Rosenthal
Alan K. Palmer
Tiffany R. Moseley
David L. Cousineau
Susanna Y. Chu
Kaye Scholer, LLP
The McPherson Building
901 Fifteenth Street, N.W.
Washington, DC 20005-2327
srosenthal@kayescholer.com
apalmer@kayescholer.com
tmoseley@kayescholer.com
dcousineau@kayescholer.com
schu@kayescholer.com

Thomas A. Russell
   General Counsel
Joy M. Crose
   Assistant General Counsel
Simon M. Kann
   Deputy City Attorney
LA City Attorney's Office
425 South Palos Verdes Street
San Pedro, California 90731
trussell@portla.org
jcrose@portla.org
skann@portla.org

Bryant Delgadillo
Kaye Scholer, LLP
1999 Avenue of the stars, Suite 1700
Los Angeles, CA 90067
bdelgadillo@kayescholer.com

FOR DEFENDANT-INTERVENORS-APPELLEES NATURAL RESOURCES DEFENSE COUNCIL, INC., SIERRA CLUB and COALITION FOR CLEAN AIR

David Pettit
Melissa Lin Perrella
Adriano Martinez
Natural Resources Defense Council, Inc.
1314 Second Street
Santa Monica, California 90401
dpettit@nrdc.org
mlinperrella@nrdc.org
amrtinez@nrdc.org

FOR AMICUS CURIAE NATIONAL RETAIL FEDERATION

Jeffrey Bossert Clark
Kirkland & Ellis, LLP
655 Fifteenth Street, N.W.
Washington, D.C. 20005-5793
jclark@kirkland.com

/S/ *Christopher C. McNatt, Jr.*
Christopher C. McNatt, Jr.